DAVID L. HENKIN #6876
HARLEY M. BROYLES #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
*(pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs
Faʻasao Amerika Samoa and
Conservation Council for Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| FAʻASAO AMERIKA SAMOA and CONSERVATION COUNCIL FOR HAWAIʻI,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CIVIL NO. CV-26-438 JAO-KJM<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR THE COURT TO CONSIDER EXTRA-RECORD EVIDENCE PROFERRED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Plaintiffs Faʻasao Amerika Samoa's and Conservation Council for Hawaiʻi's pending motion for summary judgment (ECF 15) asks this Court to find that Defendant National Marine Fisheries Service (NMFS) violated its duty under section 7 of the Endangered Species Act (ESA), 16 U.S.C. § 1536, to evaluate all effects of the Marine Minerals Administration's (MMA) plan to sell leases allowing deep-sea mining in American Samoa. To assist the Court in resolving their motion, Plaintiffs have proffered limited extra-record evidence—one expert declaration, one biological opinion authored by NMFS, and information from NMFS's website—to assist the Court (1) to determine if, before issuing a Letter of Concurrence that MMA's action is not likely to adversely affect ESA-listed species, NMFS considered all relevant factors and (2) to understand relevant scientific information. Because Plaintiffs' proffered evidence falls within recognized exceptions to the record review rule, the Court should consider it.

## II. EXCEPTIONS TO THE RECORD REVIEW RULE

While judicial review of agency action is generally limited to the administrative record, there are "narrow exceptions to this general rule." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Extra-record evidence may be allowed:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Id.* (citation omitted). In bringing this motion, Plaintiffs rely on the first and third exceptions.[1]

## III. THE COURT SHOULD CONSIDER THE CORDES DECLARATION AND GULF BIOLOGICAL OPINION, WHICH DEMONSTRATE THAT NMFS FAILED TO CONSIDER ALL RELEVANT FACTORS.

It is well-established that this Court may look outside the administrative record to determine "whether the process employed by the agency to reach its decision took into consideration all the relevant factors." *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1159 (9th Cir. 1980). As the Ninth Circuit has explained:

> It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not.

---

[1] Because NMFS's Letter of Concurrence has given MMA the green light to move forward quickly with its plan to sell deep-sea-mining leases in American Samoa, Plaintiffs cannot wait for Defendants to file the administrative record before seeking relief from the Court. *See* 91 Fed. Reg. 44870 (July 17, 2026) (announcing lease sale for November 19, 2026). It is possible that Defendants will include in the record the biological opinion and website information that NMFS authored; in discussions pursuant to Local Rule 7.8, their counsel has not yet confirmed one way or the other. Plaintiffs include these documents in this motion in case the documents are not in the record that Defendants ultimately file.

*Id.* at 1160. The Ninth Circuit has emphasized that a federal court "cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters." *Id.*; *cf. Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971) (stating "generally applicable standards of [Administrative Procedure Act ("APA") section 706] require the reviewing court to engage in a substantial inquiry" and to conduct "thorough, probing, in-depth review").

In this case, Plaintiffs challenge NMFS's failure to comply with the ESA's mandate to evaluate "the effect of the *entire* agency action," which "encompasse[s] the entire leasing project, from the issuance of the leases through post-leasing development and production." *Conner v. Burford*, 848 F.2d 1441, 1453 (9th Cir. 1988). Because both NMFS's Letter of Concurrence and the MMA biological assessment that NMFS reviewed focused solely on leasing and preliminary activities, ignoring all post-leasing activities, the record lacks critical information about the potentially harmful impacts that post-leasing, commercial-scale deep-sea mining could inflict on ESA-listed species. The declaration from marine biologist and deep-sea-mining expert Professor Erik Cordes provides this missing information, "plug[ging] holes in the administrative record." *Lands Council*, 395 F.3d at 1030; *see* Cordes Decl. (ECF 16-1) ¶¶ 1–5 (detailing Professor Cordes's areas of expertise); *id.* ¶¶ 7–8, 10–27 (discussing potential pathways for

commercial deep-sea mining operations in American Samoa to harm ESA-listed species, both in the proposed lease area and the broader action area).

Because NMFS did not evaluate post-leasing activities at all, Professor Cordes's declaration does not seek to refute NMFS's analysis (there is none). Rather, Plaintiffs properly proffer this declaration to demonstrate that there were "matters the agency should have considered but did not." *Asarco*, 616 F.2d at 1160; *see also Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1161–62 (9th Cir. 2006) (admitting plaintiff's extra-record expert declarations because they were "necessary to determine whether the agency has considered all relevant factors and has explained its decision"), *overruled on other grounds by Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7 (2008); *Nat. Res. Def. Council v. Blank*, No. C–12–05380 EDL, 2013 WL 2450110, at *2–5 (N.D. Cal. June 5, 2013) (same).

With respect to the preliminary activities that NMFS did purport to evaluate in its letter, Plaintiffs challenge NMFS's failure to satisfy its duty to "make an independent determination of its own" before concurring with MMA's assessment that preliminary activities are not likely to adversely affect ESA-listed species. *Sierra Club v. NMFS*, 797 F. Supp. 3d 440, 456 (D. Md. 2024). As one example of NMFS's unlawful deference to MMA, Plaintiffs point to NMFS's failure to explain its concurrence with MMA's claim that marine debris from preliminary activities in American Samoa is not likely to adversely affect ESA-listed whales

and turtles when, just last year, NMFS issued a biological opinion for oil and gas activities in the Gulf of America that concluded that even "minimal" marine debris threatens "injury, infection, or death"—and, thus, is likely to adversely affect—those same species. Gulf Biological Opinion (ECF 16-8) at 466–67; *see also id.* at 296. Plaintiffs properly proffer NMFS's Gulf biological opinion "to show the existence of particular factors, approaches, or analyses that NMFS did not utilize," which "is a purpose falling squarely within the first exception to the general rule barring extra-record evidence." *Conservation Council for Hawai'i v. NMFS*, 97 F. Supp. 3d 1210, 1220 (D. Haw. 2015).

## IV. THE COURT SHOULD CONSIDER THE INFORMATION ON NMFS'S WEBSITE, WHICH PROVIDES KEY SCIENTIFIC INFORMATION.

The third exception allows this Court to consider extra-record evidence "for explanation of technical terms and complex subject matter beyond the Court's knowledge." *Consol. Salmonid Cases*, 713 F. Supp. 2d 1116, 1156 (E.D. Cal. 2010); *see also Lands Council*, 395 F.3d at 1030. Here, both NMFS's Letter of Concurrence and the MMA biological opinion on which NMFS relied identify scores of ESA-listed species that MMA's deep-sea-mining lease sale "may affect." Letter of Concurrence (ECF 16-6) at 3; MMA Biological Assessment (ECF 16-5) at 106–08. Neither, however, clearly identifies which of those species are found in American Samoan waters—and, thus, could be directly affected by preliminary

survey and sampling activities and post-leasing, commercial-scale deep-sea mining—and which species are found in the broader action area that would be subjected to vessels traveling to and from American Samoa to engage in deep-sea-mining-related activities. NMFS's website (ECF 16-7) provides the missing information by identifying the eighteen ESA-listed marine species in American Samoa's waters. Plaintiffs properly proffer the information on NMFS's own website to help the Court understand which ESA-listed species could be affected by the various deep-sea-mining-related activities, information that is key to assessing whether NMFS complied with its duty to assess potential impacts.

## V. CONCLUSION

To ensure adequate judicial review of Plaintiffs' claims, this Court should consider the limited extra-record evidence that Plaintiffs have proffered, which falls squarely within the recognized exceptions to record review.

DATED: September 4, 2026.

DAVID L. HENKIN
HARLEY M. BROYLES
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

/s/ Christopher D. Eaton________
CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
*(pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs
Fa'asao Amerika Samoa and
Conservation Council for Hawai'i