IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FA‘ASAO AMERIKA SAMOA, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE, ET AL.,<br><br>Defendant. | CIV. NO. 26-00438 JAO-KJM<br><br>ORDER DENYING FIRST MOTION TO CONTINUE HEARING DATE(S) (ECF NO. 20) |

**ORDER DENYING FIRST MOTION TO CONTINUE HEARING DATE(S) (ECF NO. 20)**

Plaintiffs Fa‘asao Amerika Samoa and Conservation Council for Hawai‘i (“Plaintiffs”) initiated this Administrative Procedure Act (“APA”) case against the National Marine Fisheries Service (“NMFS”) and Secretary of Commerce Howard Lutnick (“Defendants”) on August 18, 2026. ECF No. 1. Two weeks later, Plaintiffs filed a Motion for Summary Judgment (“MSJ”), ECF No. 15, which the Court set for briefing, and for a hearing on October 30, 2026, ECF No. 18. Shortly thereafter, Plaintiffs also filed a Motion to Consider Extra-Record Evidence (“Extra-Record Motion” and collectively with the MSJ, “Plaintiffs’ Motions”), ECF No. 17, which the Court set for the same briefing and hearing schedule, ECF No. 19.

Before the Court is Defendants' First Motion to Continue Hearing Date(s) on Plaintiffs' Motions ("Motion to Continue"), ECF No. 20, in which they ask the Court to vacate the hearing dates for Plaintiffs' Motions and to hold them in abeyance until at least after the Court issues a scheduling order following the Rule 16 scheduling conference, *see* ECF No. 20-1 at 7, which is set for October 19, 2026, *see* ECF No. 8.[1] Plaintiffs opposed the Motion to Continue, ECF No. 23, Defendants filed a reply, ECF No. 26, and the Court held a hearing on the matter on September 17, 2026, ECF No. 27.

The Court DENIES the Motion to Continue as follows:

- The Court DENIES Defendants' request to hold the MSJ in abeyance and vacate the October 30 hearing;
- The Court ORDERS Defendants to lodge the administrative record by October 9, 2026;
- The Court CONTINUES the briefing schedule on the MSJ such that Defendants' Opposition is due October 19, 2026 and Plaintiffs' Reply is due October 26, 2026; and

[1] Defendants also filed a Motion to Shorten Time to Hear Motion to Continue, ECF No. 21, which the Court granted, ECF No. 22.

- The Court ACCEPTS Plaintiffs' offer to withdraw the Extra-Record Motion if the Court maintained the October 30 hearing date and thus DEEMS the Extra-Record Motion, ECF No. 18, WITHDRAWN.

## I. BACKGROUND

Plaintiffs allege that Defendants violated the APA and, effectively, the Endangered Species Act ("ESA"), when NMFS issued a "Letter of Concurrence" that agreed with the Marine Mineral Administration's ("MMA") determination that the issuance of leases for deep sea mining off American Samoa may affect, but is not likely to adversely affect, ESA-listed species. ECF No. 1 ¶¶ 75, 83–96. According to Plaintiffs, this Letter of Concurrence gave MMA the green light to hold a proposed lease sale, which is tentatively scheduled for November 19, 2026. *Id.* ¶ 62. Plaintiffs also intend to sue MMA for its reliance on the Letter of Concurrence once the pre-suit notice period lapses and MMA issues its final lease sale notice. *See* ECF No. 23 at 21.

As mentioned, Plaintiffs moved for summary judgment two weeks after filing their complaint. The Court set a briefing and hearing schedule on the MSJ in the normal course, albeit recognizing that the MSJ might be contested as premature. Under that initial briefing schedule, which the Court issued on September 4, 2026, Defendants' deadline to oppose the MSJ was September 25, with Plaintiffs' Reply due October 9, and a hearing set for October 30. ECF No.

18. Rather than oppose the MSJ on the ground that it was premature, Defendants filed their Motion to Continue on September 9, 2026. ECF No. 20. The Court set an expedited briefing schedule on the Motion to Continue and held a hearing on September 17, 2026.

## II. LEGAL STANDARD

"District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citations omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Federal Rule of Civil Procedure ("Rule") 56(b) allows litigants to "file a motion for summary judgment at any time until 30 days after the close of all discovery," meaning under the Rules, a summary judgment motion is never too early per se. Courts, however, clearly have authority to deny or defer ruling on a motion for summary judgment as premature. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive

pleading or other pretrial proceedings have been had."); *see also* Fed. R. Civ. 56(d).[2]

## III. DISCUSSION

Defendants argue that Plaintiffs' Motions are premature given that NMFS has not finalized or lodged its administrative record and that because this is an APA case, the administrative record will be the focal point of the Court's analysis. *Id.* at 18–20. They cite several cases where district courts denied pre-administrative record motions for summary judgment as premature, *see id.* at 19–20, but stop short of saying that district courts *must* deny or defer ruling on such motions, most likely because they recognize that there is no such prohibition.[3]

Plaintiffs meanwhile direct the Court to several cases that support the principle that district courts may consider summary judgment motions filed before

---

[2] Plaintiffs argue that Defendants must show good cause to obtain relief. *See* ECF No. 23 at 13. The Court is skeptical that such standard applies here where the Court set the briefing schedule itself, and instead views the matter as one within the Court's inherent power to manage its own docket. In any event, if the standard applies, Defendants have failed to demonstrate good cause.

[3] As an aside, Defendants' cited cases did not continue hearings on motions for summary judgment, but rather denied the motions themselves after they had been briefed. *See, e.g.*, *City of Laguna Niguel v. Fed. Emergency Mgmt. Agency*, 2009 WL 3122490, at *7 (C.D. Cal. Sept. 28, 2009); *Nw. Env't Advocs. v. United States Env't Prot. Agency*, 2021 WL 2206497, at *5 (W.D. Wash. June 1, 2021); *Firearms Regul. Accountability Coal., Inc. v. Garland*, 2024 WL 4920007, at *1 (D.N.D. Aug. 22, 2024).

the administrative record. *See* ECF No. 23 at 16–17. For example, in *American Hospital Ass'n* v. *Department of Health & Human Services*, 2018 WL 5777397, at *2–3 (D.D.C. Nov. 2, 2018), the district court rejected the government's request to defer ruling on a motion for summary judgment that was filed concurrently with the complaint. *See id.* The Court also ordered the government to file the administrative record simultaneously with its response to the motion. *See id.* Likewise, in *Planned Parenthood of Greater N.Y. v. U.S. Department of Health & Human Services*, 2025 WL 2840318, at *16 (D.D.C. Oct. 7, 2025), the government argued that the plaintiffs' motion for summary judgment was premature since it was filed before the administrative record. *See id.* The district court acknowledged that there were no rules against the early-filed motion for summary judgment but found that the issue was moot regardless because the government filed the administrative record during the briefing. *See id.* The court also commented that "the administrative record makes little difference in this case, given that the materials included are so sparse and either largely already on the docket or publicly available." *Id.* It is thus clear that the Court may proceed with a hearing on the MSJ even though it was filed before NMFS has compiled the administrative record.

Turning to Defendants' claim that they'll be prejudiced if the hearing date is maintained, the Court finds their concerns don't justify a continuance. First,

Defendants have already reviewed some of the documents that will be in the administrative record, demonstrating that they have access to the record and can cite those documents in their opposition to the MSJ. *See* ECF No. 26 at 8–9; *see also Planned Parenthood of Greater N.Y.*, 2025 WL 2840318, at *16 ("Certainly, any records that defendants intended to use to defend against plaintiffs' arguments on summary judgment should be included in that record and referenced in their briefing."). Second, at the September 17 hearing, Defendants' counsel represented that NMFS could compile and lodge the administrative record as early as October 9. The Court hereby ORDERS Defendants to do so. Since this date is before the Defendants' new due date for the opposition to the MSJ, they will have full benefit of the record. And as Plaintiffs argued at the September 17 hearing, the administrative record in this case is unlikely to be extensive considering the short duration of the consultation NMFS undertook and the brevity of the Letter of Concurrence.

Nevertheless, the Court recognizes that responding to the early MSJ will burden Defendants. As such, to alleviate some of Defendants' concerns regarding their ability to prepare a response to the MSJ, the Court CONTINUES the briefing schedule such that Defendants' response will be due October 19, 2026 and Plaintiffs reply will be due October 26, 2026. Defendants' response is therefore

due a full six weeks after Plaintiffs filed their MSJ and the Court set the initial briefing schedule.

Defendants' Motion to Continue also asserts they would suffer additional prejudice if required to respond to Plaintiff's Extra-Record Motion. *See* ECF No. 20-1 at 20–23; ECF No. 26 at 11–12. At the September 17 hearing, the Court noted the apparent tension between Plaintiffs' arguments that the Court need not wait for the filing of the administrative record because the Court would only need to look at the Letter of Concurrence and Plaintiffs' request for the Court to consider extra-record evidence. When the Court pressed Plaintiffs the matter, they conceded that the Extra-Record Motion was an example of a "belt-and suspenders" approach, meaning the motion was not strictly necessary, and that Plaintiffs would gladly withdraw the motion if it meant the Court would maintain the October 30 MSJ hearing. Here, the Court is concerned about prejudice Defendants will endure if they not only need to compile the administrative record and respond to those issues Plaintiffs attack therein, but must also litigate the appropriateness of additional evidence—or potentially rebut such evidence—especially where Plaintiffs admit it isn't necessary. The Court will therefore accept Plaintiffs' offer to withdraw the Extra-Record Motion conditioned on the maintenance of the October 30 hearing date and deems the Extra-Record Motion WITHDRAWN.

Lastly, the Court recognizes the relation between this case and the action Plaintiffs intend to file against MMA and understands that the overlap may lead to procedural complications. However, at this stage, the Court thinks the more efficient course is to proceed in this case as described in this order. If the Court were instead to vacate the briefing schedule and refrain from hearing the MSJ, the Court suspects that it would face an even more abbreviated briefing schedule on some motion in Plaintiff's anticipated case against MMA.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES[4] the Motion to Continue as detailed in this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 18, 2026.

Jill A. Otake
United States District Judge

CIV. NO. 26-00438 JAO-KJM *Fa'asao Amerika Samoa v. NMFS*; Order Denying First Motion to Continue Hearing Date(s) (ECF No. 20)

---

[4] By denying the Motion to Continue, the Court is not finding that the MSJ is necessarily appropriate or ripe at this time, or that Defendants may not oppose the MSJ on the grounds that it is premature, only that the Court will maintain the current October 30 hearing date