ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
JOHN H. MARTIN, Senior Trial Attorney (Colo. Bar #32667)
JESSICA L. COLE, Trial Attorney (D.C. Bar#1011384)
Wildlife & Marine Resources Section
999 18th St., Suite 600 North Terrace
Denver, CO 80202
Tel: 303-319-5359 (Martin); (202) 598-3105 (Cole)
Fax: 303-844-1350
Email: john.h.martin@usdoj.gov; jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FA‘ASAO AMERIKA SAMOA and CONSERVATION COUNCIL FOR HAWAI‘I,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CASE NO. 1:26-CV-00438-JAO-KJM<br><br>Federal Defendants' Answer<br><br>Judge: Hon. Jill A. Otake |

**FEDERAL DEFENDANTS' ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States; (collectively, "Federal Defendants") hereby provide the following answer to Plaintiffs' Complaint, ECF No. 1.

1. The allegations in the first sentence of Paragraph 1 are too vague and ambiguous as to the meaning of "opened" and "its waters" to permit a response. To the extent a response is required, Federal Defendants deny the allegations. In response to the allegations in the second sentence of Paragraph 1, Federal Defendants aver that on July 16, 2026, the Marine Minerals Administration announced the availability of the Proposed Leasing Notice for the American Samoa Outer Continental Shelf (OCS) Pacific Minerals Lease Sale 1. *See* 91 Fed. Reg. 44870 (July 17, 2026). The remaining allegations in the second sentence of Paragraph 1 are too vague and ambiguous as to what constitutes "announced plans", "sell leases", "allowing mining", to permit a response and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in the third

sentence of Paragraph 1. The allegations in the last sentence of Paragraph 1 appear to characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 1 inconsistent with its plain language, meaning, and context.

2. The allegations in first sentence of Paragraph 2 appear to characterize a letter dated February 13, 2026, from Dawn Golden, Assistant Regional Administrator, Protected Resources Division, National Marine Fisheries Service (NMFS), Pacific Islands Regional Office to Susan F. Zaleski, Acting Regional Supervisor, Office of Environment, Diving Safety Officer, Bureau of Ocean Energy Management, Pacific Region (hereinafter "February 2026 Letter of Concurrence"), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations in the first sentence of Paragraph 2 contrary to the plain language, meaning, and context of the February 2026 Letter of Concurrence. The allegations in the second sentence of Paragraph 2 are legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations in the first sentence of Paragraph 3 are too vague and ambiguous as to what constitutes a "healthy ocean ecosystem" and "waters that surround their islands" to permit a response, and Federal Defendants

deny them on that basis. The allegations in the second sentence of Paragraph 3 are too vague and ambiguous as to the meaning of "[t]his ecosystem" to permit a response, and Federal Defendants deny them on that basis. In response to the allegations in the third sentence of Paragraph 3, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations. The allegations in the last sentence of Paragraph 3 are too vague and ambiguous as to what constitutes "these animals", "around American Samoa", and "in Hawai'i's waters" to permit a response and deny them on that basis.

4. The allegations in the first sentence of Paragraph in 4 are too vague and ambiguous as to what constitutes "heavy machinery" and the meaning of "scour the seabed" to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 4 are too vague and ambiguous as to what constitutes "[t]he machinery" and the meaning of "destroy" to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 4 are too vague and ambiguous as to the meaning of "[m]ining", "stirs up", toxic substances", and "food web" to permit a response, and Federal Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 4 are too vague and ambiguous as to what constitutes "exploring for seabed minerals", "extremely loud noise", and the meaning of

"harm" to permit a response, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 4 are too vague and ambiguous as the meaning of "environmental destruction" and what constitutes "largely untested activities" to permit a response, and Federal Defendants deny them on that basis.

5. In response to the first sentence of Paragraph 5, Federal Defendants aver that by email dated January 16, 2026 Mori Chiharu, BOEM,[1] Pacific Regional Office to Joshua Rudolph, NMFS/PIRO, PRD requested expedited informal ESA/Essential Fish Habitat consultation for preliminary activities associated with commercial leasing for minerals offshore American Samoa (hereinafter "Marine Minerals Administration (MMA) Consultation Request"). The allegations in the second sentence of Paragraph 5 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary the plain language, meaning, and context of the February 2026 Letter of Concurrence.

6. The allegations in the first sentence of Paragraph 6 are legal conclusions and Plaintiffs' characterizations of their case to which no response is

---

[1] Federal Defendants admit to the allegations in footnote 1 to the first sentence of Paragraph 5 and hereinafter will refer to BOEM as the Marine Minerals Administration or "MMA" rather than BOEM even though the applicable regulations and the Letter of Concurrence challenged here refer to BOEM.

required. To the extent a response is required, Defendants deny the allegations. Also, the allegations in the first sentence of Paragraph 6 and the allegations in the second and last sentences of Paragraph 6 purport to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the plain language, meaning, and context of the February 2026 Letter of Concurrence.

7. The allegations in Paragraph 7 are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. The allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

9. The allegations in Paragraph 9 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

10. The allegations in Paragraph 10 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal

Defendants deny them.

12. The allegations in Paragraph 12 include a legal conclusion to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and Federal Defendants deny them on that basis.

13. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 13 and, on that basis, deny the allegations. The allegations in the third sentence of Paragraph 13 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny them.

14. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first through fifth sentences of Paragraph 14 and, on that basis, deny the allegations. The allegations in the last sentence of Paragraph 14 consist of legal conclusions and are too vague and ambiguous as to what constitutes “seabed mining”, “mineral exploration”, and the meaning of “threatened to harm” and Federal Defendants deny the remaining allegations in the last sentence of Paragraph 14 on that basis.

15. Federal Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, deny the allegations. In further response to the allegations in the last sentence of Paragraph 15, the allegations in that sentence consist of legal conclusions and are too vague and ambiguous as to what constitutes "seabed mining", "mineral exploration", and the meaning of "harm" and "sea turtle populations" and Federal Defendants deny the remaining allegations in the last sentence of Paragraph 15 on that basis.

16. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 16 and, on that basis, deny the allegations. The allegation in the last sentence of Paragraph 16 consist of legal conclusions and include a characterization of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. The allegations in the first and second sentences of Paragraph 17 include legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and Federal Defendants deny them on that basis.

18. Federal Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 18 as they are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 18 consist of legal conclusions and are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 19, and Federal Defendants deny them on that basis. The allegation in the last sentence of Paragraph 19 consist of legal conclusions and are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

20. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 20 are also legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

21. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and

Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 21 also consist of legal conclusions and include Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

22. The allegations in the first sentence of Paragraph 22 are legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 22, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 21 are legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

23. The allegations in Paragraph 23 are legal conclusions and Plaintiffs' characterizations of their case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations

24. In response to the first sentence of Paragraph 24, Federal Defendants admit that NMFS is a federal agency within the U.S. Department of Commerce, National Oceanic and Atmospheric Administration. The remaining

allegations in the first sentence of Paragraph 24 and the allegations in the second sentence are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

25. The allegation in the first sentence of Paragraph 25 appears to characterize Plaintiffs' lawsuit, to which no response is required. The allegations in the second sentence of Paragraph 25 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 25.

26. The allegations in Paragraph 26 appear to characterize the ESA, 16 U.S.C. §§ 1501 *et seq* which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 27 inconsistent with the plain language, context, or meaning of the ESA.

27. The allegations in Paragraph 27 purport to characterize the U.S. Supreme Court's decision in *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 174 (1978) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 27 inconsistent with the plain language, context, or meaning of that decision.

28. The allegations in the first sentence of Paragraph 28 appear to characterize the ESA, at 16 U.S.C. § 1533(a)(1)(A)-(E) and § 1532(6), (20), which speaks for themselves and are the best evidence of their contents. Federal

Defendants deny any allegation or characterization in Paragraph 28 inconsistent with the plain language, context, or meaning of the ESA, at 16 U.S.C. § 1533(a)(1)(A)-(E) and § 1532(6), (20). The allegations in the last sentence of Paragraph 28 appear to characterize the ESA at 16 U.S.C. § 1533(a)(3)(A)(i) and § 1532(5), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 28 inconsistent with the plain language, context, or meaning of the ESA at 16 U.S.C. § 1533(a)(3)(A)(i) and § 1532(5).

29. The allegations in the first sentence of Paragraph 29 appear to characterize the ESA, at 16 U.S.C. § 1536(a)(2) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 29 inconsistent with the plain language, context, or meaning of the ESA, at 16 U.S.C. § 1536(a)(2). The allegation in the second and last sentences of Paragraph 29 purport to characterize ESA implementing regulations at 50 C.F.R. § 402.02 which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 29 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.02.

30. The allegations in the first sentence of Paragraph 30 appear to characterize the ESA and its implementing regulations which speaks for

themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in the first sentence of Paragraph 30 inconsistent with the plain language, context, or meaning of the ESA and its implementing regulations. The allegations in the second sentence of Paragraph 30 purport to characterize 50 C.F.R. § 402.14 which speak for themselves and is the best evidence of its contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14. The allegations in the last sentence of Paragraph 30 purport to characterize the ESA at 16 U.S.C. § 1536(a)(2) and its implementing regulations at 50 C.F.R. §§ 402.01(b), 402.14 which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(a)(2), and 50 C.F.R. §§ 402.01(b), 402.14.

31. The allegations in Paragraph 31 appear to characterize the ESA at 16 U.S.C. § 1536(a)(2) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(a)(2).

32. The allegations in Paragraph 32 appear to characterize ESA and its implementing regulations at 50 C.F.R. § 402.02[2] which speak for

---

[2] In paragraph 32 footnote 2, Plaintiffs appear to characterize the U.S. District

themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of the ESA and 50 C.F.R. § 402.02.

33. The allegations in Paragraph 33 appear to characterize section 7(a)(2) of the ESA 16 U.S.C. § 1536(a)(2) and implementing regulations at 50 C.F.R. § 402.12(a) which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization inconsistent with the plain language, context, or meaning of section 7(a)(2) of the ESA 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.12(a).

34. The allegations in Paragraph 34 appear to characterize the ESA implementing regulations at 50 C.F.R. §§ 402.13(c), 402.13(a), and (b)(1) which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 34 inconsistent with the plain language, context, or meaning of 50 C.F.R. §§ 402.13(c), 402.13(a), and (b)(1).

35. The allegations in the first sentence of Paragraph 35 appear to characterize ESA implementing regulations at 50 CFR § 402.13(c), which speaks

---

Court for the Northern District of California's decision in *Center for Biological Diversity v. U.S. Dep't of Interior*, Case No. 24-cv-04651-JST, 2026 WL 898264 (N.D. Cal. March 30, 2026). which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in footnote 2 inconsistent with the plain language, context, or meaning of that decision.

for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 35 inconsistent with its plain language, context, or meaning. The allegations in the last sentence of Paragraph 35 appear to characterize the U.S. Fish and Wildlife Service & National Marine Fisheries Service ESA Consultation Handbook (1998) [hereinafter ESA Handbook], which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation in Paragraph 35 inconsistent with its plain language, context, or meaning of the ESA Handbook.

36. The allegations in the first sentence of Paragraph 36 appear to characterize ESA implementing regulations at 50 C.F.R. § 402.14(a) which speaks for itself and is the best evidence of its contents. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 36. Federal Defendants deny any allegation in the first sentence of Paragraph 36 inconsistent with its plain language, context, or meaning of 50 C.F.R. § 402.14(a). The allegations in the last sentence of paragraph 36 appear to characterize the ESA at 16 U.S.C. § 1536(b)(3)(A) and ESA implementing regulations at 50 C.F.R. § 402.14(c)-(b). Federal Defendants deny any allegation in the last sentence of Paragraph 36 inconsistent with their plain language, context, or meaning of 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(c)-(b) .

37. The allegations in the first sentence of Paragraph 37 appear to

characterize 16 U.S.C. 1536(b)(3)(A) and 50 C.F.R. § 402.14(h)(2) which speaks for themselves and are the best evidence of their contents. To the extent that a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 37 inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(h)(2). The allegations in the second sentence of paragraph 37 appear to characterize 50 C.F.R. § 402.14(i)(1)(i) and 16 U.S.C. § 1536(b)(4) which speak for themselves and are the best evidence of their contents. To the extent that a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 37 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(i)(1)(i) and 16 U.S.C. § 1536(b)(4). The allegations in the last sentence of Paragraph 37 appear to characterize 50 C.F.R. § 402.14(i)(1)(ii), (iv), and 16 U.S.C. § 1536(b)(4) which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny the allegations in the last sentence of Paragraph 37 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(i)(1)(ii), (iv) and 16 U.S.C. § 1536(b)(4).

38. The allegations in Paragraph 38 appear to characterize 50 C.F.R. § 402.14(k), and § 402.14(k)(5) which speak for themselves and are the best evidence of their content. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 38 inconsistent with the plain language, context,

or meaning of 50 C.F.R. § 402.14(k) and § 402.14(k)(5).

39. The allegations in Paragraph 39 are legal conclusions to which not response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions to which not response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 40.

41. The allegations in Paragraph 41 appear to characterize 43 U.S.C. §§ 1331 *et seq*, the Outer Continental Shelf Lands Act (OCSLA), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of 43 U.S.C. §§ 1331 *et seq.*

42. The allegations in Paragraph 42 appear to characterize 43 U.S.C. §§ 1337(k) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of 43 U.S.C. §§ 1337(k).

43. The allegations in Paragraph 43 appear to characterize 50 C.F.R. § 582.21(d) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of 50 C.F.R. § 582.21(d).

44. The allegations in the first sentence of Paragraph 44 appear to characterize 50 C.F.R. § 582.21(a) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in the first sentence of Paragraph 44 contrary to the plain language, context, and meaning of 50 C.F.R. § 582.21(a). The allegations in the second, third, and fourth sentences of Paragraph 44 appear to characterize 50 C.F.R. § 582.3 which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in the second, third, and fourth sentences of Paragraph 44 contrary to the plain language, context, and meaning of 50 C.F.R. § 582.3. The allegations in the last sentence of Paragraph 44 appear to characterize 50 C.F.R. § 582.24 which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in the second, third, and fourth sentences of Paragraph 44 contrary to the plain language, context, and meaning of 50 C.F.R. § 582.24.

45. The allegations in paragraph 45 appear to characterize 5 U.S.C. § 702 which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 46 contrary to the plain language, context, and meaning of 5 U.S.C. § 702.

46. The allegations in paragraph 46 appear to characterize 5 U.S.C. § 706(2)(A) which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 46 contrary to the plain

language, context, and meaning of 5 U.S.C. § 706(2)(A).

47. The allegations in the first sentence of Paragraph 47 are too vague and ambiguous as to what constitutes "rare and diverse marine species," "surrounding," or a "variety of migratory species" and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 47, Federal Defendants aver that species listed as endangered or threatened under the ESA are found in waters under American Samoa jurisdiction and the U.S. Exclusive Economic Zone adjacent to those waters.

48. Federal Defendants admit the allegations in Paragraph 48.

49. In response to the allegations in Paragraph 49, Federal Defendants aver that five sea turtle species listed as endangered or threatened under the ESA are found in waters around American Samoa with the green sea turtle (Central South Pacific Distinct Population Segment (DPS), hawksbill sea turtle, loggerhead sea turtle (South Pacific DPS),[3] and leatherback sea turtle listed as endangered and the olive ridley sea turtle listed as threatened.

---

[3] The first sentence of footnote three in Paragraph 49 appears to characterize 16 U.S.C. 1532(16) which speaks for itself and is the best evidence of its content. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of footnote three in Paragraph 49 inconsistent with the plain language, context, or meaning of 16 U.S.C. 1532(16). The last sentence of footnote three in Paragraph 49 appears to characterize 61 Fed. Reg. 4722, 4725 (Feb. 7, 1996) which speaks for itself and is the best evidence of its content. To the extent a response is required, Federal Defendants deny the allegations in the last sentence of footnote three in Paragraph 49.

50. In response to the allegations in Paragraph 50, Federal Defendants aver that whitetip shark, giant manta ray, scalloped hammerhead shark (Indo-West Pacific DPS), and chambered nautilus listed as threatened species under the ESA are found in waters around American Samoa.

51. In response to the allegations in the first sentence of Paragraph 51, Federal Defendants aver that five coral species (*Acrpora globiceps, A. retusea, A. speciosa, Fimbriaphyllia paradivisa, and Isopora crateriformis*) listed as threatened under the ESA are found in waters around American Samoa. In response to the allegations in the last sentence of Paragraph 51, Federal Defendants aver that NMFS has designated critical habitat for five coral species (*Acrpora globiceps, A. retusea, A. speciosa, Fimbriaphyllia paradivisa, and Isopora crateriformis*) listed as threatened under the ESA that are found in waters around American Samoa.

52. The allegations in the first sentence of Paragraph 52 are too vague and ambiguous as to what constitutes "[s]everal areas of deep seabed—including around American Samoa" to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 52 are too vague and ambiguous as to what constitutes "[t]hey hold" to permit a response and Federal Defendants deny them on that basis. Federal Defendants admit to the allegations in the last sentence of Paragraph 52.

53. In response to the allegations in the first sentence of Paragraph 53, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, said allegations are denied. The allegations in the second sentence of Paragraph 53 are too vague and ambiguous as to constitutes "mining the deep sea" and what constitutes a "technologica[] and financial[] difficult[y]" to permit a response and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 53 are too vague and ambiguous as to what constitutes "[e]quipment" and "immense" water pressure to permit a response and Federal Defendants deny them on that basis.

54. In response to the allegations in the allegations in Paragraph 54, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, said allegations are denied. In further response to the allegations in the last sentence of Paragraph 54, the allegations are too vague and ambiguous as to what constitutes "initial exploration activities: or "devastating effects on the marine environment" to permit a response and deny them on that basis.

55. The allegations in the first sentence of Paragraph 55 are too vague and ambiguous as to what constitutes "scouring the seabed" to permit a response and Federal Defendants deny them on that basis. The allegations in the

second sentence of Paragraph 55 are too vague and ambiguous as to what constitutes "stirs up" and the meaning of "toxic sediment" and "its path" to permit a response and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 55 are too vague and ambiguous as to the meaning of "impacts" and "recovery" as to permit a response and Federal Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 55 appear to characterize the work of unnamed "[s]cientists" which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in the fourth sentence of Paragraph 55 contrary to the plain language, context, and meaning of that work. The allegations in the last sentence of Paragraph 55 are too vague and ambiguous as to what constitutes "harm" as to permit a response and Federal Defendants deny them on that basis.

56. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57. Federal Defendants admit to the allegations in the first sentence of Paragraph 57. The allegations in the last sentence of Paragraph are too vague and ambiguous as to the meaning of "can damage hearing" "and essential behaviors" and deny them on that basis.

58. The allegations in Paragraph 58 are characterizations of

Plaintiffs' characterizations of its lawsuit and legal conclusions to which no response is required.

59. The allegations in Paragraph 59 are characterizations of Plaintiffs' characterizations of its lawsuit and legal conclusions to which no response is required.

60. The allegations in Paragraph 60 appear to characterize 90 Fed. Reg. 25369 (June 16, 2025) which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 60 inconsistent with the plain language, context, or meaning of 90 *Fed. Reg.* 25369 (June 16, 2025).

61. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and deny them on that basis.

62. The allegations in Paragraph 62 appear to characterize 91 Fed. Reg. 44870 (July 17, 2026) which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 60 inconsistent with the plain language, context, or meaning of characterize 91 Fed. Reg. 44870 (July 17, 2026).

63. The allegations in Paragraph 63 appear to characterize 91 Fed. Reg. 44870 (July 17, 2026) which speaks for itself and is the best evidence of its

content. Federal Defendants deny any allegation or characterization in Paragraph 63 inconsistent with the plain language, context, or meaning of 91 Fed. Reg. 44870 (July 17, 2026).

64. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and deny them on that basis.

65. The allegations in paragraph 65 appear to characterize the MMA Consultation Request, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 65 inconsistent with the plain language, context, or meaning of the MMA Consultation Request.

66. Federal Defendants aver that by email dated February 3, 2026, MMA submitted to the PIRO/PRD a Biological Assessment dated February 2026 that evaluated the potential effects of MMA's issuance of up to two leases for marine minerals in the American Samoa Outer Contental Shelf on species listed under the ESA and their critical habitat (hereinafter "February 2026 BA"),which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 66 inconsistent with the plain language, context, or meaning of the February 2026 BA.

67. The allegations in Paragraph 67 appear to characterize the

February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 67 inconsistent with the plain language, context, or meaning of the MMA Consultation Request.

68. The allegations in Paragraph 68 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 68 inconsistent with the plain language, context, or meaning of the February 2026 BA.

69. The allegations in Paragraph 69 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 69 inconsistent with the plain language, context, or meaning of the February 2026 BA.

70. The allegations in Paragraph 68 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 70 inconsistent with the plain language, context, or meaning of the February 2026 BA.

71. The allegations in Paragraph 71 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 71 inconsistent with the plain language, context, or meaning of the February 2026 BA.

72. The allegations in Paragraph 72 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 72. inconsistent with the plain language, context, or meaning of the February 2026 BA.

73. The allegations in Paragraph 73 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 73 inconsistent with the plain language, context, or meaning of the February 2026 BA.

74. The allegations in Paragraph 74 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 74 inconsistent with the plain language, context, or meaning of the February 2026 BA.

75. The allegations in Paragraph 75 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 75 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence.

76. The allegations in the first sentence of Paragraph 76 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or

characterization in Paragraph 76 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence. The allegations in the last sentence of Paragraph 76 appear to characterize Plaintiffs' lawsuit and consist of legal conclusions, to which no response is required.

77. The allegations in Paragraph 77 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 77 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence.

78. The allegations in the first through third sentences of Paragraph 78 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 78 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence. The allegations in the last sentence of Paragraph 78 appear to characterize the February 2026 BA and other MMA documents which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegation or characterization in Paragraph 78 inconsistent with the plain language, context, or meaning of the February 2026 BA and other MMA documents.

79. The allegations in the first sentence of Paragraph 79 appear to

characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in the first sentence of Paragraph 79 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence. The allegations in the second sentence of Paragraph 79 appear to characterize the February 2026 BA which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in the second sentence of Paragraph 79 inconsistent with the plain language, context, or meaning of the February 2026 BA. The allegations in the third sentence of Paragraph 79 are too vague and ambiguous as to what constitutes "published operating levels" and "significantly higher" to permit a response, and Federal Defendants deny them on that basis. The allegations in the fourth sentence of paragraph 79 are too vague and ambiguous as to what constitutes "greater than 160 db" and "usable data" to permit a response and deny them on that basis. The allegations in the last sentence of Paragraph 79 appear to characterize the February 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 79 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence.

80. The allegations in the first and second sentences of Paragraph 80 appear to characterize uncited research, which speaks for itself and is the best

evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 80 inconsistent with the plain language, context, or meaning of the research. The allegations in the last sentence of Paragraph 80 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in the first sentence of Paragraph 80 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence.

81. The allegations in the first sentence of Paragraph 81 are too vague and ambiguous as to what constitutes "[c]hronic, ongoing", "different effects", and "short, discrete pulses" to permit a response, and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 81, Federal Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations contained therein and, on that basis, deny the allegations. The allegations in the third and last sentences of Paragraph 81 appear to be characterizations of Plaintiffs case, to which no response is required. These allegations also appear to characterize the February 2026 Letter of Concurrence and possibly other uncited documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 80 inconsistent with the plain language, context, or meaning of the February 2026 Letter of Concurrence or any other

uncited documents.

82. Federal Defendants deny the allegations in Paragraph 82.

83. In response to the allegations in Paragraph 83, Federal Defendants incorporate their answers to all preceding paragraphs.

84. The allegations in Paragraph 84 appear to characterize 16 U.S.C. § 1536(a)(2) which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 84 inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(a)(2).

85. The allegations in the first sentence of Paragraph 85 appear to characterize 50 C.F.R. §§ 402.12(j)-(k), 402.13, and the ESA Handbook which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 85 inconsistent with the plain language, context, or meaning of 50 C.F.R. §§ 402.12(j)-(k), 402.13, and the ESA Handbook. The allegations in the last sentence of Paragraph 85 appear to characterize the ESA Handbook which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 85 inconsistent with the plain language, context, or meaning of the ESA Handbook.

86. The allegations in Paragraph 86 appear to consist of legal

conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 86.

87. The allegations in Paragraph 87 appear to consist of legal conclusions and Plaintiffs characterizations of its case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 87.

88. The allegations in Paragraph 88 appear to consist of legal conclusions and Plaintiffs characterizations of its case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 87.

89. The allegations in the first and last sentences of Paragraph 89 appear to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations Paragraph 89 that are inconsistent with the plain language, context, and meaning of the February 2026 Letter of Concurrence. The remaining allegations in the last sentence of Paragraph 89 are legal conclusions and characterizations of Plaintiffs' case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

90. The allegations in the first and second sentences of Paragraph 90 appear to characterize the February 2026 Letter of Concurrence which speaks

for itself and is the best evidence of its content. Federal Defendants deny any allegations Paragraph 90 that are inconsistent with the plain language, context, and meaning of the February 2026 Letter of Concurrence. The allegations in the last sentence of Paragraph 90 are legal conclusions and characterizations of Plaintiffs' case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

91. The allegations in the first and third sentences of Paragraph 91 appears to characterize the February 2026 Letter of Concurrence which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations Paragraph 89 that are inconsistent with the plain language, context, and meaning of the February 2026 Letter of Concurrence. The allegations in the second sentence of Paragraph appear to be legal conclusions and Plaintiffs' characterizations of its case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations. The allegations in the last sentence of Paragraph 91 are legal conclusions and characterizations of Plaintiffs' case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

92. The allegations in Paragraph 92 are legal conclusions and characterizations of Plaintiffs' case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

93. In response to the allegations in Paragraph 93, Federal Defendants incorporate their answers to all preceding paragraphs.

94. The allegations in Paragraph 94 appear to characterize 50 C.F.R. § 402.14(k) which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 94 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(k).

95. In response to the allegations in Paragraph 95, Federal Defendants aver that NMFS issued the February 2026 Letter of Concurrence in which NMFS concurred in MMA's Biological Assessment concluding that the MMA's planned issuance of up to two leases for marine minerals in the American Samoa OCS may affect but is not likely to adversely affect ESA listed species or critical habitat thereby concluding ESA Section 7 Consultation on MMA's planned issuance of the two leases.

96. The allegations in Paragraph 96 are legal conclusions and Plaintiffs' characterizations of its case to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 96.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes their request for relief, to which no response is required. To the extent a response is required,

Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring the instant action.

3. Plaintiffs' claims are not ripe for judicial review.

4. This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

5. Plaintiffs' claims under the Administrative Procedure Act fail to challenge a final agency action pursuant to 5 U.S.C. § 704.

6. Federal Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in their favor and against Plaintiffs, dismiss the Complaint, deny all of Plaintiffs'

claims for relief and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted this

Dated:

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
United States Department of Justice
Energy & Natural Resources Division

/s/ Jessica L. Cole
JESSICA L. COLE (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 598-3105
Email: jessica.cole3@usdoj.gov

JOHN H. MARTIN (Colo. Bar #32667)
Wildlife & Marine Resources Section
999 18th St., Suite 600 North Terrace
Denver, CO 80202
Tel: 303-319-5359
Fax: 303-844-1350
Email: john.h.martin@usdoj.gov

*Attorneys for Federal Defendants*

CERTIFICATE OF SERVICE

I hereby certify that, on October 19, 2026, the foregoing was electronically filed through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ Jessica L. Cole
Jessica L. Cole