ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
ROBERT P. WILLIAMS, Senior Trial Attorney (SBN 474730 (DC))
JOHN H. MARTIN, Senior Trial Attorney (Colo. Bar # 32667)
JESSICA L. COLE, Trial Attorney (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3105 | Fax: (202) 305-0275
Email: jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FA‘ASAO AMERIKA SAMOA and CONSERVATION COUNCIL FOR HAWAI‘I,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CASE NO. 1:26-CV-00438-JAO-KJM<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF ON REBUTTAL REGARDING SUMMARY JUDGMENT HEARING (ECF NO. 56) |

## I. The action agency is responsible for defining its proposed action

Although DOI proposed only to conduct a lease sale, Plaintiffs claim NMFS had to find the action includes operations. The ESA regulations do not support Plaintiffs' claim. 50 C.F.R. § 402.14(c)(1)(i). The consulting agency can give the action agency input on the proposed action, but the ESA Consultation Handbook at 4-15 "implies that the action agency has the final say" in describing its proposed action. *Friends of the River*, 293 F. Supp. 3d at 1172. Plaintiffs have filed a notice (ECF 57) pointing out that the Ninth Circuit remanded in that case, but the remand does not apply here. The panel remanded for additional explanation because it found NMFS had a duty to explain its change in its decades-long position on the particular action in that case. *Friends of the River v. NMFS*, 786 F. App'x 666, 669 (9th Cir. 2019). NMFS did not change positions here; this is the first consultation over deep-sea mining under OCSLA and DOI's minerals regulations.

Indeed, Plaintiffs' claim contradicts the following facts and law: (1) ESA Section 7(a)(2) applies to actions that a federal agency proposes to authorize, 16 U.S.C. § 1536(a)(2); (2) DOI's proposed lease sale would not authorize any operations plans (30 C.F.R. § 582.21(a), (d)); (3) operations plans are not indirect effects of the lease sale (50 C.F.R. § 402.02) because they are not caused by the lease sale—any such plan(s) would have to pass a distinct regulatory approval process, which would include additional ESA consultation, as appropriate (30

C.F.R. § 582.21(a))—and they are not reasonably certain to occur—this is a brand new industry with no historical precedent of feasibility; and (4) the Ninth Circuit has referred to the leasing and operations stages under OCSLA in the analogous oil and gas context as "separate and distinct" and held that ESA compliance at the lease sale stage can defer consideration of the operations stage due to OCSLA's segmented approach. *Village of False Pass*, 733 F.2d at 608, 611; *Hodel*, 869 F.2d at 11954. *Connor v. Burford* is clear that it does not apply to OCSLA's segmented framework. 848 F.2d at 1455-56.

**II. Informal consultation was the correct procedure for the lease sale stage**

Plaintiffs' counsel argued that informal consultation is "constrained," but "[m]ost consultations are conducted informally." Consultation Handbook at 3-1. And here, informal consultation was the correct procedure.

The dividing line between formal and informal consultation is whether the proposed action is likely to cause adverse effects. 50 C.F.R. § 402.13(c), 402.14(b)(1); Consultation Handbook at 3-3. Because NMFS concurred that DOI's proposed lease sale is not likely to cause adverse effects, the agencies did not need to engage in formal consultation. Informal consultation is the predicate to determining whether any formal consultation is needed, and formal consultation is never needed when there is a "not likely to adversely affect" determination. There is nothing in OCSLA or its implementing regulations that mandate formal

consultation under the ESA. Likewise, the ESA informal consultation regulation (50 C.F.R. § 402.13) does not prohibit its use for OCSLA lease sales. Nor has any court said informal consultation is prohibited on such lease sales.

Plaintiffs' claim that formal consultation was required assumes that DOI's proposed action had to include the operations stage or that operations are an indirect effect of the lease sale, neither of which is true. Importantly, DOI did not frame its proposed lease sale as a single overarching action that includes operations subject to a single consultation broken into incremental steps under 50 C.F.R. § 402.14(k). Rather, DOI proposed the lease sale as a separate and discrete action for its own independent consultation. *Id.* at § 402.13(c). Section 402.14(k) applies only where it is requested for formal incremental consultation at the action agency's discretion.

## III. Leasing is more discretionary for critical minerals than for oil and gas

The Court asked how oil and gas under OCSLA differs from critical minerals, and why formal ESA consultation had occurred in the oil and gas cases. By statute, OCSLA limits DOI's timetable for review and approval of oil and gas operations plans, 43 U.S.C. § 1351(h), but for minerals OCLSA leaves it to DOI to develop all relevant policy through regulation. 43 U.S.C. § 1337(k)(1). As a result, DOI must frontload environmental procedures in the oil and gas context but that is not necessary in the minerals context.

Respectfully submitted this November 2, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
United States Department of Justice
Energy & Natural Resources Division

/s/ *Jessica L. Cole*
JESSICA L. COLE (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 598-3105
Email: jessica.cole3@usdoj.gov

ROBERT P. WILLIAMS
Sr. Trial Attorney (SBN 474730 (DC))
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0210 | Fax: (202) 305-0275
Email: robert.p.williams@usdoj.gov

JOHN H. MARTIN (Colo. Bar #32667)
Wildlife & Marine Resources Section
999 18th St., Suite 600 North Terrace
Denver, CO 80202
Tel: 303-319-5359
Fax: 303-844-1350
Email: john.h.martin@usdoj.gov

*Attorneys for Federal Defendants*

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.4(e), I certify that the foregoing memorandum contains 717 words, exclusive of the caption, tables, and signature block. I have relied upon Microsoft Word to determine the word count.

/s/ *Jessica L. Cole*
Jessica L. Cole

CERTIFICATE OF SERVICE

I hereby certify that, on November 2, 2026, the foregoing was electronically filed through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ *Jessica L. Cole*
Jessica L. Cole