ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
ROBERT P. WILLIAMS, Senior Trial Attorney (SBN 474730 (DC))
JOHN H. MARTIN, Senior Trial Attorney (Colo. Bar # 32667)
JESSICA L. COLE, Trial Attorney (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-3105 | Fax: (202) 305-0275
Email: jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FA‘ASAO AMERIKA SAMOA and CONSERVATION COUNCIL FOR HAWAI‘I,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CASE NO. 1:26-CV-00438-JAO-KJM<br><br>DEFENDANTS’ SUPPLEMENTAL BRIEF (ECF NO. 59) |

The Court has asked whether the National Marine Fisheries Service ("NMFS") has an "obligation and/or authority or lack thereof to reject or recharacterize the action agency's articulation of the proposed 'agency action.'" ECF No. 59. Initially, Defendants note that, in this case, there was no disagreement between the Department of Interior ("DOI") and NMFS over DOI's characterization of its proposed action, so there was no need or occasion for NMFS to reject or recharacterize it. NMFS' concurrence in DOI's characterization was reasonable and easily meets the Administrative Procedure Act's ("APA") highly deferential standard of review. The Court can uphold NMFS' concurrence on that basis regardless of whether NMFS had the authority to reject or recharacterize DOI's proposed action.

In any event, as explained below, the plain language of the Endangered Species Act ("ESA") and the ESA Section 7 regulations as well as the reported case law make it clear that, while NMFS can provide input on an action agency's characterization of its action, NMFS ultimately has neither the legal duty nor the authority to reject or independently recharacterize it. Generally speaking, NMFS' discretionary authority and duty in ESA consultations are to offer its evaluation of the effects of the action that is proposed by the action agency. In this case, that meant providing a written concurrence or non-concurrence with DOI's "not likely to adversely affect" determination for its proposed sale of leases, which NMFS did

after considering the lease sale's likely effects. Plaintiffs may not overturn DOI's characterization of its proposed action by challenging NMFS' concurrence.

## Discussion

### I. The Action Agency Is Responsible for Defining its Proposed Action Because It Is the Action Agency that Bears Responsibility to Avoid Jeopardy and Destruction or Adverse Modification of Critical Habitat

The responsibility for defining the proposed action lies in the plain language of the ESA, which places the duty to avoid jeopardizing listed species and destroying or adversely modifying designated critical habitat on the action agency:

> Each *Federal agency* shall, in consultation with and with the assistance of the Secretary, insure that any action authorized, funded, or carried out by such agency (hereinafter in this section referred to as an "agency action") is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary, after consultation as appropriate with affected States, to be critical…

16 U.S.C. § 1536(a)(2) (emphasis added); *accord Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1415 (9th Cir. 1990) ("while consultation with the FWS may have satisfied the Navy's *procedural* obligations under the ESA, the Navy may not rely solely on a FWS biological opinion to establish conclusively its compliance with its *substantive* obligations under section 7(a)(2)").

The ESA's implementing regulations similarly place the burden on the action agency to review "*its* actions" and provide a written description of the

proposed action to the consulting agency in "sufficient detail to assess the effects of the action on listed species and critical habitat." 50 C.F.R. §§ 402.14(a) (emphasis added), (c)(1), 402.13(c)(1). The informal consultation regulation does not require (or authorize) the consulting agency to independently recharacterize the action agency's characterization of its proposed action. Rather, it states that, "[d]uring informal consultation, the Service *may suggest* modifications to the action that the Federal agency and any applicant could implement to avoid the likelihood of adverse effects to listed species or critical habitat." *Id*. at § 402.13(b) (emphasis added). Even if the Service suggests modifications to the action, nothing in the regulations requires the action agency to adopt any such modifications. This deference to the action agency's determination of the scope of its own action is consistent with Supreme Court precedent. *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 182 (2025) ("courts should defer to agencies' decisions about where to draw the line" with respect to "scope questions").

Ultimately, during informal consultation, the consulting agency's duty is to "provide written concurrence or non-concurrence with the Federal agency's [not likely to adversely affect] determination" regarding the action as proposed. *Id.* § 402.13(c)(2). The Ninth Circuit has explicitly held that, "[i]n an ESA consultation, the resource agency must analyze the project as presented" by the action agency and has no duty to evaluate the agency's claims regarding the scope

of the proposed action. *Nat. Res. Def. Council v. Haaland*, 102 F.4th 1045, 1072-73 (9th Cir. 2024). Indeed, courts have repeatedly held that the consulting agency "can evaluate *only the Federal action proposed*, not the action as [the consulting agency] would like to see that action modified." *Def. of Wildlife v. FWS*, No. 16-CV-01993-LHK, 2016 WL 4382604 at *18 (N.D. Cal. Aug 17, 2016) (citing Endangered Species Consultation Handbook at 4-33); *see also Pac. Coast Fed'n of Fishermen's Ass'ns v. Nat'l Marine Fisheries Serv.*, No. 97-CV-775, 1998 WL 1988556, at *10 (W.D. Wash. May 29, 1998) ("Under the ESA, [the consulting agency] must analyze the action *as proposed* by the proponent agencies"); *Forest Conservation Council v. Espy*, 835 F. Supp. 1202, 1217 (D. Idaho 1993) ("Nor is [the consulting agency] required to develop and evaluate alternatives to the action proposed by the [action agency]; it must simply evaluate the *effects of the proposed action* ..."); *Friends of River v. Nat'l Marine Fisheries Serv.*, 293 F. Supp. 3d 1151, 1172 (E.D. Cal. 2018) (the Consultation Handbook at 4-15 "implies that the action agency has the final say" in defining its proposed action), *aff'd in part, rev'd in part and remanded sub nom. Friends of the River v. Nat'l Marine Fisheries Serv.*, 786 F. App'x 666 (9th Cir. 2019); *Or. Nat. Desert Ass'n v. Tidwell*, 716 F. Supp. 2d 982, 1003-04 (D. Or. 2010) ("[consulting agency] was entitled to rely upon the official representations of the [action agency] ... [consulting agency] was not required to second guess those representations").

NMFS' role as a consulting agency is purely advisory — it issues advisory opinions and recommendations and does not regulate whether and how an action agency must or can proceed. *See* 51 Fed. Reg. 19926,19928 (June 3, 1986) (consulting agency "performs strictly an advisory function under section 7;" the action agency "makes the ultimate decision as to whether its proposed action will satisfy the requirements of § 7(a)(2)"); *id.* at 19949 (the consulting agencies "lack[] the authority to require initiation of consultation"); *Pyramid Lake*, 898 F.2d at 1415 (action agency has responsibility for determining how to proceed).

The ESA regulations governing formal consultation do not apply here because formal consultation was not required. Regardless, the action agency defines its action similarly during formal and informal consultation. 50 C.F.R. § 402.14(c)(1), 402.13(c)(1). During formal consultation, the consulting agency is not required to suggest alternatives to the proposed agency action unless the consulting agency determines that the proposed action is likely to jeopardize listed species or destroy or adversely modify critical habitat. In such a case, the consulting agency must suggest reasonable and prudent alternatives that the action agency could take that would not violate Section 7(a)(2). 16 U.S.C. § 1536(b)(3)(A). The consulting agency does not suggest such alternatives unilaterally; it "will utilize the expertise of the Federal agency and any applicant in identifying these alternatives." 50 C.F.R. § 402.14(g)(5). If requested, the

consulting agency must provide the action agency with a draft of the biological opinion so that it can analyze the proposed alternatives. *Id.*

The action agency is not bound by any suggested alternatives. Following consultation, the action agency has the discretion to "determine whether and in what manner to proceed with [its] action in light of its section 7 obligations and the Service's biological opinion." *Id.* § 402.15(a); *see also Bennett v. Spear*, 520 U.S. 154, 170 (1997) (noting that "[t]he action agency is technically free to disregard the Biological Opinion and proceed with its proposed action, but it does so at its own peril (and that of its employees)," for any potential ESA violations); *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522–23 (9th Cir. 1998) (action agency has discretion to choose any alternative that complies with ESA Section 7(a)(2)).

In sum, NMFS reasonably concurred with DOI's characterization of its proposed action but, in any case, NMFS had neither the legal duty to independently recharacterize DOI's action nor the authority to reject it. A court generally may not overturn agency action because of a failure to employ procedures beyond those required by the statute. *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519, 524 (1978). DOI, as the action agency, is responsible for ensuring that its action will avoid a likelihood of jeopardy and destruction or adverse modification of critical habitat. NMFS' legal duty and discretionary authority here

extended to providing a written concurrence or non-concurrence with DOI's assessment of the likely effects of the action it proposed to take. 50 C.F.R. § 402.13(c); *see also id.* at § 402.14(g) (consulting agency's duties during formal consultation). NMFS' concurrence in DOI's determination that its proposed lease sale is not likely to cause adverse effects easily meets the APA's highly deferential standard of review.

Respectfully submitted this November 5, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
United States Department of Justice
Energy & Natural Resources Division

/s/ *Jessica L. Cole*
JESSICA L. COLE (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 598-3105
Email: jessica.cole3@usdoj.gov
ROBERT P. WILLIAMS
Sr. Trial Attorney (SBN 474730 (DC))
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0210 | Fax: (202) 305-0275
Email: robert.p.williams@usdoj.gov
JOHN H. MARTIN (Colo. Bar #32667)
Wildlife & Marine Resources Section
999 18th St., Suite 600 North Terrace

Denver, CO 80202
Tel: 303-319-5359
Fax: 303-844-1350
Email: john.h.martin@usdoj.gov

*Attorneys for Federal Defendants*

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.4(e), I certify that the foregoing memorandum contains 1,526 words, exclusive of the caption, tables, and signature block. I have relied upon Microsoft Word to determine the word count.

/s/ *Jessica L. Cole*
Jessica L. Cole

CERTIFICATE OF SERVICE

I hereby certify that, on November 5, 2026, the foregoing was electronically filed through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ *Jessica L. Cole*
Jessica L. Cole