DAVID L. HENKIN #6876
HARLEY M. BROYLES #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs
Fa'asao Amerika Samoa and
Conservation Council for Hawai'i

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| FA'ASAO AMERIKA SAMOA and CONSERVATION COUNCIL FOR HAWAI'I,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CIVIL NO. CV-26-438 JAO-KJM<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF RE: CONSULTING AGENCY'S OBLIGATION AND AUTHORITY TO DETERMINE SCOPE OF AGENCY ACTION<br><br>Hearing: October 30, 2026<br>Judge: Hon. Jill A. Otake<br>Time: 9:00 a.m.<br><br>Trial Date: None Set<br>Related to ECF 59 |

The Endangered Species Act (ESA) requires the National Marine Fisheries Service (NMFS) to deny concurrence to an action agency's "not likely to adversely affect" determination that defines the action too narrowly. The Ninth Circuit's caselaw affirms that the ESA requires the consulting agency (here, NMFS) to ensure that the views it expresses in consultation address the full, legally correct scope of the proposed agency action. NMFS may not—as Defendants argue—passively accept an action agency's cramped or artificially segmented articulation of its proposed action. Doing so would preclude NMFS from conducting its congressionally mandated assessment of whether the proposed action—properly conceived—is "likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat." 16 U.S.C. § 1536(a)(2); *see also id.* § 1536(b)(3)(A). On the contrary, if NMFS fails "to analyze the effect of the *entire* agency action," it violates the ESA, regardless of whether the action agency requested consultation on a narrower scope. *Conner v. Burford*, 848 F.2d 1441, 1453 (9th Cir. 1988).

The Ninth Circuit's decision in *Wild Fish Conservancy v. Salazar*, 628 F.3d 513 (9th Cir. 2010), confirms this point. *Wild Fish* evaluated a biological opinion that the U.S. Fish and Wildlife Service (the Service) prepared regarding the effects of operations at the Leavenworth National Fish Hatchery (the Hatchery). In requesting the ESA consultation, the Hatchery—the action agency—"made a

decision … to define the action as a five-year term of operations," and the Service—the consulting agency—"endorsed" that limited scope. *Id.* at 522. If Defendants were correct that, under the ESA, the consulting agency must accept "an action agency's own description of its proposed action," ECF 43, PageID.3070, regardless of its legal sufficiency, the Ninth Circuit would not have inquired whether "*the Service*"—the consulting agency—"*permissibly defined the scope of the action* as the operations and management of the Hatchery for a period of five years." *Wild Fish*, 628 F.3d at 521 (emphasis added). But, in judging the lawfulness of the consultation's scope, the Ninth Circuit examined the Service's justifications for *its* "choice of a five-year term of operations." *Id.* at 524–25.

Even though the Hatchery—the action agency—had "define[d] the action as a five-year term of operations," *id.* at 522, the Ninth Circuit concluded that the Service's biological opinion was "arbitrary and capricious" for *adopting* that cramped scope because the Service—the consulting agency—failed to justify analyzing only a truncated action, *id.* at 525. Far from the action agency having "the final say," ECF 58, PageID.3499 (citation omitted), *Wild Fish* makes clear that the consulting agency has the ultimate duty to ensure the proposed action that is the subject of consultation is defined "permissibly," 628 F.3d at 521.

The Ninth Circuit applies the same analysis to informal consultations, holding the consulting agency responsible for evaluating the proper scope of the

agency action. *Natural Resources Defense Council v. Haaland*, 102 F.4th 1045 (9th Cir. 2024), involved a challenge to a letter of concurrence for the renewal of water supply contracts. Citing *Wild Fish*, the Ninth Circuit scrutinized the consulting agency's analysis to ensure that it "considered the full scope of the proposed action before determining that renewal of those Contracts would not likely adversely affect the delta smelt." *Id.* at 1071. Only after the Court satisfied itself that the consulting agency complied with its duty to "analyze the effect of the *entire* agency action," *id.* at 1069 (quoting *Conner*, 848 F.2d at 1453), did the Ninth Circuit uphold the letter of concurrence, *see id.* at 1072.[1]

Other cases also hold that the consulting agency violates the law when it adopts an impermissibly narrow scope of the agency action. *E.g.*, *Conner*, 848 F.2d at 1453 (holding biological opinion unlawful because "section 7 of the ESA on its face requires the [Fish & Wildlife Service] in this case to consider all phases of the agency action"); *Intertribal Sinkyone Wilderness Council v. NMFS*, 970 F. Supp. 2d 988, 1003–07 (N.D. Cal. 2013) (citing cases); *Am. Rivers v. U.S. Army Corps of Eng'rs*, 271 F. Supp. 2d 230, 254–55 (D.D.C. 2003). The upshot of the established

[1] When *Haaland* states that the consulting agency "must analyze the project as presented," the Court meant that the consulting agency could not insist that the action agency "make changes to its proposed action," which is a separate issue from whether the consulting agency must ensure that the agency action as articulated encompasses the entire proposed action as a legal matter. *Id.* at 1073.

caselaw is that, if a consulting agency adopts the action agency's improper description of the agency action, then a court must find unlawful the consulting agency's decision—whether a biological opinion or a letter of concurrence. This is because "the meaning of 'agency action' is determined as a matter of law by the Court, not by the agency." *Greenpeace v. NMFS*, 80 F. Supp. 2d 1137, 1146 (W.D. Wash. 2000) (citing *Pac. Rivers Council v. Thomas*, 30 F.3d 1050, 1054 (9th Cir. 1994)). Accordingly, the action agency's articulation of the action deserves no deference—not from the Court and not from NMFS.

When an action agency like the Marine Minerals Administration (MMA) presents NMFS with an impermissibly narrow scope of the agency action, ESA section 7(a)(2) prohibits NMFS from completing consultation on that narrow scope. NMFS cannot comply with its duty to "insure that protected species are not jeopardized" if it consults on only a narrowed scope of the entire action. *Conner*, 848 F.2d at 1454 (citing 16 U.S.C. § 1536(a)(2)). "[T]he primary responsibility for insuring that federal projects do not harm endangered species or their habitats rests with" the consulting agency. *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 698 F.3d 1101, 1115 (9th Cir. 2012) (citation omitted). NMFS may not abdicate that responsibility and violate section 7(a)(2)'s command simply because an action agency chose to articulate the agency action in an unlawful way.

*North Slope Borough v. Andrus* illustrates how NMFS can and must respond when an action agency articulates an impermissibly narrow scope. There, Interior sought to define the agency action for an Outer Continental Shelf Lease Sale as only the "lease sale and pre-exploration activities." 486 F. Supp. 332, 350 (D.D.C. 1980). NMFS, however, "clearly understood that an expansive vision of the lease sale was required by the ESA," so "attempted to perform, and in some respects did perform, a comprehensive analysis of all the ramifications of the lease sale." *Id.* at 351. On appeal, the D.C. Circuit, after agreeing that the agency action includes "the lease sale and all subsequent activities," upheld NMFS's biological opinion because it performed "a comprehensive analysis of all the ramifications of the lease sale." *N. Slope Borough v. Andrus*, 642 F.2d 589, 609 (D.C. Cir. 1980). That case demonstrates not only that NMFS has the authority to reject or recharacterize MMA's articulation of the action, but that it needed to have done just that when it confronted an identical effort by Interior to narrow its action here.

The sole authority Defendants have provided to assert that the ESA prohibits NMFS from rejecting MMA's "description of its proposed action" provides scant support for Defendants' argument. ECF 43, PageID.3070. *Friends of the River v. NMFS*, 293 F. Supp. 3d 1151 (E.D. Cal. 2018), involved ESA consultation regarding "the impact of dams, hydropower facilities, and water diversions" on ESA-listed fish. *Id.* at 1161. The plaintiffs were concerned that, while past

consultations had defined the agency action as the combined impact of two dams and water diversions on listed fish, for the latest consultation, the Army Corps—the action agency—"broke up what it previously considered one 'agency action' … into multiple smaller parts." *Id.* at 1162. NMFS then issued a letter of concurrence and biological opinion for these smaller parts. *See id.*

In assessing the plaintiffs' claim that "NMFS abdicated its responsibility to 'correctly identify the action that is subject to consultation,'" the district court initially concluded that the ESA and its "accompanying regulations are not clear about the discretion that the consulting agency has to reidentify or redefine the agency's proposed action." *Id.* at 1172 (citation omitted). The court then acknowledged that the *ESA Handbook* gives primacy to the consulting agency, providing that, "where the action agency and consulting agency disagree on the action area, *the consulting agency's determination prevails* on that biological determination." *Id.* (emphasis added); *see* ECF 37-33, PageID.2027. Because the *ESA Handbook* does not likewise specify that the consulting agency prevails in disagreements about the proposed action's scope, however, the district court assumed—without explanation and without addressing the precedent cited above—"that the action agency has the final say." 293 F. Supp. 3d at 1172.

In addition to lacking persuasive force, the portion of the district court's opinion on which Defendants rely was reversed by the Ninth Circuit. *See Friends*

*of the River v. NMFS*, 786 F. App'x 666, 668–70 (9th Cir. 2019). Far from deeming the Corps' description of its proposed action as controlling, the Ninth Circuit was concerned only with NMFS's failure to "provide a reasoned explanation" for "changing its approach to analyzing the dams' impact on threatened fish." *Id.* at 669. The Court concluded that, "'[w]ithout an adequate explanation' for the Service's reversal in course, 'we are precluded from undertaking meaningful judicial review' of the substantive merits of the 2014 BiOp and LOC." *Id.* at 669–70 (citation omitted). Accordingly, the Ninth Circuit remanded for NMFS to provide a "reasoned explanation … for why [NMFS] no longer treated the hydroelectric facilities abutting Englebright as agency action" and for "why [NMFS] stopped treating the continued existence of the dams as agency action." *Id.* at 669.

The Ninth Circuit's reversal in *Friends of the River* makes clear that the ESA imposes a duty on NMFS to determine the proper scope of the agency action for purposes of consultation. If NMFS were required—or even permitted—to defer passively to the action agency's determination of what is—and is not—the agency action, a reviewing court would not need NMFS's views on the action's scope to assess the adequacy of NMFS's biological opinion and letter of concurrence. It is because NMFS cannot defer to the Corps' characterization of its proposed action that the Ninth Circuit remanded for NMFS to provide its own justification.

DATED: November 5, 2026.

DAVID L. HENKIN
HARLEY M. BROYLES
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai‘i 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

/s/ Christopher D. Eaton
CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs
Fa‘asao Amerika Samoa and
Conservation Council for Hawai‘i